UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES NATHANIEL DOUSE,

    Plaintiff,

v.                                            Case No. 8:22-cv-2098-TPB-JSS

SABRINA TRAEGER, et al.,

    Defendants.
_____/

## ORDER DISMISSING CASE

This matter is before the Court on Defendants' "Motion to Dismiss Pursuant to FRCP 12(b)(1) and 12(b)(6)," filed on October 6, 2022. (Doc. 8). No response is necessary. After reviewing the complaint, motion, court file, and record, the Court finds as follows:

Plaintiff has filed a civil complaint against his homeowner's association and an individual employee of the homeowner's association. Although it is not entirely clear from the complaint, which is nearly incomprehensible and often vague, it appears that Plaintiff is upset over a $1,000 pool construction deposit that has not yet been returned to him.[1] Plaintiff also appears to complain about various assessment charges over the past three years, claiming that the Association has defrauded him by misclassifying his type of home model. He appears to contend he does not owe the

---

[1] The Declaration of Covenants, Conditions, and Restrictions for Canoe Creek requires a homeowner to pay a $1,000 deposit to the Association to obtain a permit to construct a pool. The deposit is returned when the Association confirms that the construction complies with all applicable codes and requirements.

Association any money, but the Association is attempting to "force a Foreclosure Lien" against his property. Plaintiff appears to assert mostly state law claims, but he also references a variety of statutes, including 42 U.S.C. §§ 3603-3606 and 42 U.S.C. § 3617, to argue that he is being "discriminated" against and "harassed" in violation of the Fair Housing Act.

"[A] court must first determine whether it has proper subject matter jurisdiction before addressing . . . substantive issues." *Taylor v. Appleton*, 30 F.3d 1365, 1366 (11th Cir. 1994). The Court does not have diversity jurisdiction in this action, as Plaintiff concedes in his complaint. The Court therefore considers whether the complaint establishes federal question jurisdiction.

The Court begins by noting again that the complaint is woefully inadequate and nearly incomprehensible. Giving liberal construction to the pleadings, it appears that Plaintiff asserts claims for "Federal Cause of Action: Violation of a Federal Act" (Count I), "Motion [...] to Order the Production of Defendant's Documents" (Count II), violations of Florida law (Counts III and IV), and breach of contract (Count V).[2] The only possible federal question, therefore, is presented in Count I. And yet, he does not identify any federal laws or acts in Count I, and there are no factual allegations contained within this count.

In other portions of his complaint, Plaintiff cites to a few federal statutes. However, these statutes do not appear to present any colorable grounds for relief. For

---

[2] As Plaintiff in this case is proceeding *pro se*, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018). However, a *pro se* plaintiff must still conform with procedural rules and the Court does not have "license to act as *de facto* counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

example, Plaintiff cites to 42 U.S.C. §§ 3603-3606. However, 42 U.S.C. §§ 3603 and 3604 relate to the sale or rental of certain dwellings, and Plaintiff does not appear to complain of discrimination that would potentially be covered under these provisions. 42 U.S.C. § 3605 prohibits discrimination in residential real estate-related transactions, including the making and purchasing of loans or financial assistance, which does not appear to be at issue in this case. And 42 U.S.C. § 3606 addresses discrimination in the provision of brokerage services, which also does not appear to be at issue. To the extent that Plaintiff could be alleging that he was somehow discriminated against or harassed because of "race, color, religion, sex (including gender identity and sexual orientation), disability, familial status, or national origin" in violation of 42 U.S.C. § 3604 and 3617, he does not identify himself in relationship to any of these protected categories, and he does not describe any allegedly discriminatory conduct covered under the statutes.[3]

To the extent Plaintiff alleges injury to federal rights, "courts should not entertain the lawsuit 'where the alleged claim under the Constitution or federal

---

[3] 42 U.S.C. § 3617 specifically provides
> It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3602, 3604, 3605, or 3606 of this title.

As discussed, it does not appear that there is any plausible violation of §§ 3202-3206. At best, Plaintiff merely alleges, in conclusory fashion, that he has shown "one of the seven covered bases of discrimination was involved in a housing practice, thereby rendering that practice illegal under the Fair Housing Act." But he has not identified his race, color, religion, sex, disability, familial status, or national origin. He has only specified his age, 62, but age is not a protected category. Moreover, the conduct complained of – the delayed return of a pool deposit check and the alleged misclassification of real property that has led to higher assessments, also does not fit into any of the types of prohibited discrimination enumerated in § 3604.

statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.'" *Fountain v. Metro. Atlanta Rapid Trans. Auth.*, 688 F.2d 1038, 1042 (11th Cir. 1982) (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)). Dismissal for lack of jurisdiction under this narrow exception is therefore proper when the federal claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998).

Despite Plaintiff's allegations of harm to his federal rights, the Court finds that his purported claims related to discrimination under the Fair Housing Act are insufficient to confer jurisdiction. Plaintiff provides no basis whatsoever for the Court to conclude that there may be a colorable claim for relief. Moreover, his remaining claims all sound in state law and do not assert any federal controversies. As such, the Court finds that Plaintiff's complaint is due to be dismissed for lack of subject matter jurisdiction. Because the Court concludes that it lacks subject matter jurisdiction, it does not reach Defendants' arguments in the motion to dismiss, and the motion is denied as moot.[4]

To the extent Defendants seek attorney's fees, the Court denies the request because the dismissal for lack of subject matter jurisdiction does not reach the merits

---

[4] In the motion to dismiss, Defendants seek dismissal under the "first-filed" rule because Plaintiff first filed another related action in state court. The Court only notes that "a close reading of the case law 'suggests that [the first-filed] rule applies to competing claims filed in separate federal courts, not competing federal and state court actions.'" *Melillo v. Shendell & Associates, P.A.*, No. 11-62048-CIV, 2012 WL 253205, at *3 (S.D. Fla. Jan. 26, 2012) (quoting *Mt. Hawley Ins. Co. v. Sarasota Residences, LLC*, 14 F. Supp. 2d 1176, 1181 (M.D. Fla. 2010)).

of Plaintiff's claims and is without prejudice to his rights to bring his claims in state court, if appropriate. *See Ffrench v. Ffrench*, 418 F. Supp. 3d 1186, 1190 (S.D. Fla. 2019).

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. Plaintiff's complaint (Doc. 1) is **DISMISSED**, without leave to amend, for lack of jurisdiction.
2. Defendants' motion to dismiss (Doc. 8) is **DENIED AS MOOT**.
3. The Clerk is directed to terminate any pending motions and deadlines and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 20th day of October, 2022.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**